# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00128-CR

**William Mear, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 43,848, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant William Mear filed his pro se notice of appeal on March 5, 2009. The clerk's record was filed on April 22. On April 29, the court reporter informed this Court that she had received neither a designation of nor payment for the reporter's record. We sent appellant notice that if he did not arrange to pay for the record or otherwise respond to our notice by May 11, we would consider the appeal without the reporter's record. *See* Tex. R. App. P. 37.3(c). On June 4, having received no response, we informed appellant that we would consider the appeal without the reporter's record and that his brief was due by July 6. On July 21, having received still no response, we informed appellant that his brief was overdue and that we would refer the matter to the trial court for a hearing if we did not receive a response by July 31.

To date, appellant's brief has not been filed and he has not responded to our notices. We therefore abate the appeal. The trial court shall hold a hearing to determine whether appellant

wishes to pursue his appeal, whether he is indigent and entitled to appointed counsel,[1] *see* Tex. Code Crim. P. Ann. art. 1.051 (West Supp. 2008), and, if not, whether he has retained counsel who has abandoned the appeal. *See* Tex. R. App. P. 38.8(b). The trial court shall make appropriate findings and recommendations, and a supplemental record from this hearing, including copies of all findings and orders and a transcription of the court reporter's notes, shall be forwarded to this clerk of this Court no later than November 6, 2009. *See* Tex. R. App. P. 38.8(b)(3).

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Abated

Filed:   October 7, 2009

Do Not Publish

---

[1]  The clerk's record reflects that appellant filed a pretrial affidavit of indigence and was appointed counsel. Upon his conviction, appellant's appointed counsel filed a motion to withdraw and for appointed counsel on appeal. The trial court granted the motion in part, allowing counsel to withdraw, but declined to appoint appellate counsel.

2